# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

No. 07-10424

Charles R. Fulbruge III
Clerk

GILBERTO D. HERNANDEZ

Petitioner - Appellant

v.

RICK THALER, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 06-CV-69

ON PETITION FOR REHEARING

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

REAVLEY, Circuit Judge:[*]

The petition for rehearing led to an en banc poll that began but was then cancelled, leaving the petition in the hands of the panel. We now grant rehearing, withdraw the prior ruling, and affirm the judgment of the trial court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-10424

As was explained in our prior opinion, the Petitioner Hernandez sought review of his Texas sentence because of his expectation of a different term and complained that there had been a violation of the Double Jeopardy Clause of the United States Constitution.

Because Texas has not prosecuted Hernandez a second time for the same offense and has not punished him multiple times for the same offense, there is no violation of Double Jeopardy.  See United States v. DiFrancesco, 449 U.S. 117 (1980).  Even if Mr. Hernandez did expect for good reason that his sentence would end before 2014, and even if it were an unexpected ruling by the Texas Court of Criminal Appeals in Ex Parte Forward, 258 S.W.3d 151.  (Tex. Crim. App. 2008), no constitutional right has been violated.

AFFIRMED.

Judges Wiener and Southwick join in this opinion by Judge Reavley. Judge Wiener joins the concurring opinion of Judge Southwick.

No. 07-10424

SOUTHWICK, Circuit Judge, specially concurring.

Double Jeopardy prohibits Texas from prosecuting Hernandez a second time for the same offense after an acquittal or punishing him multiple times for the same offense. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). There has been no second prosecution. As to multiple punishments, initially we held that Hernandez had raised enough in his motion to create a need for discovery. The question was whether Texas adjusted his sentence in a manner that disturbed a legitimate expectation of its finality. *See United States v. DiFrancesco,* 449 U.S. 117, 137 (1980). The Supreme Court has also made it clear that the Constitution did not give a defendant "the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.*

On rehearing, I am convinced that we need not reach the question of the manner in which the language in *DiFrancesco* about reasonable expectations would apply to Hernandez's claims about his sentences. Whatever his personal expectation might have been, Hernandez has not identified any basis in state law that was the source for his expectation that was later thwarted by the decision of *Ex Parte Forward,* 258 S.W.3d 151 (Tex. Crim. App. 2008).

The discovery we ordered would have pursued whether sentences indeed were once served differently than *Ex Parte Forward* declared. That was error. The purpose of discovery is not to fish for the possible; it is to find what there is good cause to believe exists. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "Conclusionary allegations are not enough to warrant discovery" in a suit. *Id.* Hernandez has not shown good cause.

Therefore, whether the certainty he claims he once had and then lost is one the Double Jeopardy Clause protects does not need to be reached.

It is for these reasons that I join in the substitute opinion for the panel.

3